SCHEB, Chief Judge.
The state appeals the dismissal of its petition for forfeiture of a motor vehicle.
The petition for forfeiture alleged that Harry Lee Morris, Jr., had used the vehicle to transport more than fifty cartons of untaxed cigarettes in violation of Section 210.-18(1), Florida Statutes (1979). The State sought forfeiture under Section 943.41(2)(c), Florida Statutes (1979), of the Florida Uniform Contraband Transportation Act. This subsection includes “[a]ny equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state” in its definition of contraband. At the hearing Morris moved to dismiss the petition on the ground that cigarettes are not contraband items under Section 943.41(2)(c). The trial court agreed and granted the motion, stating “the cigarettes are clearly not equipment, liquid or solid.”
The state contends that the word solid as used in Subsection (2)(c) is a noun and not an adjective modifying equipment. We agree. Although the Cigarette Tax Law, Chapter 210, Florida Statutes (1979), does not provide for the forfeiture of vehicles used in transporting unstamped packages of cigarettes, the title of Chapter 74-385, Laws of Florida, enacting the Florida Uniform Contraband Transportation Act, provides “for seizure and forfeiture of vehicles *316 illegally transporting or delivering ... tobacco.” Thus, we conclude, as did the attorney general, that the Legislature intended to include untaxed cigarettes in the definition of contraband under Section 943.-41(2)(c).[1] 1976 Op.Atty.Gen. Fla. 076-43 (February 23, 1976). Therefore, since vehicles used in transporting untaxed cigarettes are subject to forfeiture, the trial court erred in granting Morris’ motion to dismiss.
Reversed and remanded for further proceedings consistent with this opinion.
HOBSON and RYDER, JJ., concur.

. While it occurred after this case, we note that the Legislature has amended the definition of contraband in Subsection 943.41(2) to include “[a]ny personal property including, but not limited to, any item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, or currency, which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting the commission of, any felony.” Ch. 80-68, § 1, Laws of Fla.